Smilja MATIJEVIC, Ksenija Matijevic,
Milenko Matijevic, Petitioners,

v.

Alberto R. GONZALES,[1] Respondent.

Nos. 02–4878–ag(L), 02–4879–ag(con),
02–4884–ag(con).

United States Court of Appeals,
Second Circuit.

June 1, 2007.

1. Pursuant to Federal Rule of Appellate Pro-
cedure, Attorney General Alberto R. Gonzales
is automatically substituted for former Attor-
ney General John Ashcroft as the respondent
in this case.

Mark W. Scher, New York, NY, for Petitioner.

Jeffrey Taylor, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, Washington, DC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Smilja Matijevic, Ksenija Matijevic, and Milenko Matijevic, all natives of former Yugoslavia, seek review of three November 8, 2002 orders of the BIA affirming the October 18, 2000 decision of Immigration Judge ("IJ") George T. Chew denying the lead petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Smilja Matievic, et al.*, Nos. A73 608 587, A73 608 586, A73 608 610 (B.I.A. Nov. 8, 2002), *aff'g* Nos. A73 608 587, A73 608 586, A73 608 610 (Immig. Ct. N.Y. City Oct. 18, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Matijevic did not argue in her brief to the BIA that the IJ erred in failing to fully develop the record nor did she argue that her due process rights were violated. A petitioner's failure to raise particular issues before the BIA does not, as a statutory matter, bar this Court's jurisdiction to consider those issues when raised before this Court. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104 (2d Cir.2007). We refuse to do so here, however, because the issues involving the fundamental fairness of the IJ's hearing are issues the agency should have been permitted to consider in the first instance, particularly where much of the failure to develop the record could be attributed to the failures of petitioner's counsel to explain the purposes of her questions or to continue questioning which the IJ had not stopped. *Id.* at 107 n. 1(b) (noting that this Court may refuse to consider unexhausted issues as an exercise of its discretion).

■ Matijevic mentions her withholding of removal and CAT claims in her brief.

She does not, however, make any arguments indicating why those claims were improperly denied and we consider them waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). The only issue properly before this Court is whether the IJ's determination that Matijevic failed to establish eligibility for asylum is supported by substantial evidence.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 The IJ did not err in concluding that Matijevic failed to establish that she suffered past persecution. She did not testify about any physical or emotional harm that she encountered in Serbia. Matijevic stated that she "had major problems" in Serbia because of her brother's involvement with the Croatian military; however, she did not elaborate on those "problems" or provide any details regarding any harm she suffered. She also claimed that she was unable to find a good job in Serbia, but this is not sufficient to make out a claim of economic persecution under any standard for economic persecution that the BIA may set forth as a response to our remand in *Mirzoyan v. Gonzales,* 457 F.3d 217, 222–24 (2d Cir. 2006). Because there is no evidence that Matijevic suffered persecution, in any form, in Serbia, the IJ's conclusion that she failed to prove past persecution is supported by substantial evidence.

 The IJ also reasonably concluded that Matijevic failed to establish a well-founded fear of persecution on account of any of the enumerated grounds. Matijevic did not present any evidence to indicate that she would be personally targeted for persecution upon return to Serbia. Although she claimed that she would face problems because of her brother's military background, she did not describe those problems during her hearing. She also did not provide any other reasons to indicate why she feared returning to Serbia. In fact, she admitted that she was unfamiliar with the current government and did not know if anything was going to "happen" under that government. Moreover, current country conditions would not support a claim that Matijevic may face persecution on account of any of the enumerated grounds if returned to Serbia. *See* 2006 U.S. Department of State Human Rights Report on Serbia, issued March 6, 2007, *available at http://www.state.gov/g/drl/rls/ hrrpt/2006/78837.htm.* Accordingly, the IJ was reasonable in finding that she failed to establish a well-founded fear of persecution claim or prove eligibility for asylum.

We feel obligated to note our serious concerns about the quality of representation provided by the petitioner's attorney before our Court and before the BIA. The brief filed by counsel cites partial quotes of the transcripts that give misleading impressions of the proceeding below. The brief also raises a due process argument that faults the IJ for failings occasioned almost completely by the failure of counsel's associate to develop the record before the IJ. We remind counsel of his professional duty to provide quality representation to his clients. Continuing conduct of this nature could subject counsel to sanctions by this Court.

For the foregoing reasons, the petitions for review are DENIED.